IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TOMMIE HILL, JR.,

   Petitioner,

v.                                                              No. 1:18-cv-01155-JDB-egb

UNITED STATES OF AMERICA,

   Respondent.

---

ORDER DENYING CLAIM UNDER *SESSIONS V. DIMAYA*
AND
DIRECTING RESPONDENT TO RESPOND TO REMAINING CLAIM

---

On April 21, 2016, Petitioner, Tommie Hill, Jr., filed, in his criminal case, a *pro se* "Motion for Emergency Resentencing Upon Overturning of Invalid Priors Used to Enhance" (the "Resentencing Motion"). (*United States v. Hill*, 1:08-cr-10043-JDB-1 (W.D. Tenn.), Docket Entry ("D.E.") 105.) In response to the Court's order that he file a statement indicating whether he intended the Resentencing Motion to be treated as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (*id.*, D.E 109), the inmate represented that he wished the motion to be construed as a § 2255 petition (*id.*, D.E. 115). On May 2, 2018, he filed a document styled "Motion for Relief Pursuant to Recent U.S. Supreme Court Decision," arguing that he is entitled to relief under *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). (*Id.*, D.E. 116.) By order dated August 15, 2018, the Court directed the Clerk of Court to open the instant case and file the Resentencing Motion as a § 2255 petition (the "Petition") and the motion relating to

*Dimaya* as a supplement to the Petition (the "Supplement").[1] (*Id.*, D.E. 119.) The Petition (D.E. 1) and the Supplement (D.E. 2) are now before the Court for preliminary review.[2]

## BACKGROUND

In April 2008, a federal grand jury returned an indictment charging Hill with conspiracy to distribute, and distributing, cocaine and cocaine base (Counts 1-4), in violation of 21 U.S.C. §§ 841(a)(1), 846; being a felon in possession of a firearm (Count 5), in violation of the 18 U.S.C. § 922(g); and carrying a firearm during and in relation to a drug crime (Count 7), in violation of 18 U.S.C. § 2, 924(c)(1)(2).[3] (*United States v. Hill*, 1:08-cr-10043-JDB-1 (W.D. Tenn.), D.E. 2.) The Defendant pleaded guilty to all counts. (*Id.*, D.E. 40.)

Prior to sentencing, the United States Probation Office submitted a presentence report (the "PSR"), setting forth the calculation of the applicable sentencing range under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines").[4] The Defendant was deemed to qualify for an enhanced sentence as a career offender pursuant to U.S.S.G. § 4B1.1. The enhancement was based on his Tennessee convictions for the sale of cocaine (PSR at ¶ 35 (Case Nos. 90-432, 90-433, 90-434)), possession of cocaine with intent to sell (*id.* at ¶ 39 (Case No. 90-1127)), and felony escape from a penal farm (*id.* at ¶ 42 (Case No. 91-0682)). The Court sentenced the Defendant to 202 months' imprisonment, to be followed by a four-year period of supervised release. (*Id.*, D.E. 65.) Hill did not take a direct appeal.

---

[1] The Petition is Hill's first § 2255 motion.

[2] Unless otherwise noted, record citations are to documents filed in the instant case.

[3] In its discussion of the underlying criminal matter, the Court will refer to Hill as the "Defendant."

[4] All references to the Guidelines are to the Guidelines in effect on the date of Hill's sentencing. *See* United States Sentencing Commission, *Guidelines Manual* (eff. Nov. 2008).

**DISCUSSION**

A prisoner seeking to vacate his sentence under § 2255 "must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), *Rules Governing Section 2255 Proceedings for the United States District Courts* ("Habeas Rules").

In his Petition, Hill alleges that five of the Tennessee convictions forming the predicate for his enhanced federal sentence were vacated several years after the sentence was imposed. In support, he has submitted state court orders from Judge Roy Morgan, Jr., each dated November 17, 2015, dismissing the indictments, and "rescind[ing]" and "dismiss[ing]" the judgments in Case Numbers 90-432, 90-434, 90-1127, 91-682, and 91-199. (D.E. 1-2.) In his Supplement, Petitioner insists that the Supreme Court's recent decision in *Dimaya*, 138 S. Ct. at 1215–16, renders unconstitutional his § 924(c) conviction. (D.E. 2 at PageID 27.) The Court will address the claims in reverse order.

Section 924(c)(1)(A) provides in pertinent part that,

[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, *any person who, during and in relation to any crime of violence or drug trafficking crime* (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, *uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime*—

3

> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A)(i)–(iii) (emphasis added).

Section 924(c)(3) sets forth a "two-part definition" of crime of violence. *United States v. Robinson*, 708 F. App'x 272, 273 (6th Cir. 2017). "First, a crime of violence is a felony that 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *Id.* (quoting 18 U.S.C. § 924(c)(3)(A)). This is known as the "use-of-force clause." *United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018). "Second, a crime of violence is a felony 'that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.'" *Robinson*, 708 F. App'x at 273 (quoting 18 U.S.C. § 924(c)(3)(B)). This language is referred to as the statute's "residual clause." *Camp*, 903 F.3d at 597 n.2.

In *Dimaya* the Supreme Court held that the similarly worded residual clause in 18 U.S.C. § 16(b)'s definition of "crime of violence" is void for vagueness. *See Dimaya*, 138 S. Ct. at 1215–16. The Court found that the clause "produces . . . 'more unpredictability and arbitrariness than the Due Process Clause tolerates.'" *Id.* at 1216 (quoting *Johnson v. United States*, 135 S. Ct. 2551, 2558 (2015)).

Even if *Dimaya*'s finding rendered § 924(c)(3)'s residual clause unconstitutionally vague,[5] that result would be irrelevant to Petitioner's conviction. The residual clause played no

---

[5] In *United States v. Taylor*, the Sixth Circuit held that § 924(c)(3)'s residual clause is not void for vagueness. *Taylor*, 814 F.3d 340, 375–77 (6th Cir. 2016). The Supreme Court recently called *Taylor*'s ruling into question. *See Manners v. United States*, 139 S. Ct. 56 (2018) (mem.)

part in Hill's case, as he was not convicted of carrying a firearm during and in relation to a crime of violence, but rather, during and in relation to a drug crime. The *Dimaya* claim is therefore DENIED.

With regard to the sole claim set forth in the Petition—*i.e.*, that Hill no longer qualifies as a career offender due to the rescission of five state judgments of conviction—Respondent, United States of America, is ORDERED to file a response within twenty-eight (28) days from the date of this order. *See* Habeas Rule 5(a).

Petitioner may, if he chooses, submit a reply to the response within twenty-eight (28) days of service. *See* Habeas Rule 5(d). Petitioner may request an extension of time to reply by filing a motion on or before the due date of his reply.

IT IS SO ORDERED this 28th day of January 2019.

                                            s/ J. DANIEL BREEN
                                            UNITED STATES DISTRICT JUDGE

---

(granting certiorari and remanding to Sixth Circuit for reconsideration of application of *Taylor* in light of *Dimaya*). *See also United States v. Richardson*, 906 F.3d 417, 425 (6th Cir. 2018) (acknowledging that "*Taylor* stands on uncertain ground"), *petition for cert. docketed Richardson v. United States*, No. 18-7036 (U.S. Dec. 14, 2018).